IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RUSSELL HOLDREN, et al.,

                Plaintiffs,

v.                                    CIVIL ACTION NO.  5:07-cv-00488

PONCOVE, INC., et al,

                Defendants.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court are Defendants' Motion for Sanctions [Docket 66] and Plaintiffs' Counsel's Motion to Withdraw [Docket 68]. The motions, which are unopposed, both address the conduct of Plaintiffs Amos Robertson, Ralph Robertson, Justin Collette, and Sean Runion (collectively Plaintiffs). In the motion for sanctions, Defendants assert that Plaintiffs twice failed to appear for their scheduled depositions without justification or excuse.

Federal Rule of Civil Procedure 37 provides that a court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for [his or her] deposition." Fed. R. Civ. P. 37(d)(1)(A)(I). Sanctions in such cases are cross-referenced to Rule 37(b)(1)(A) and include "striking pleadings in whole or in part," Rule 37(b)(1)(A)(iii), and "dismissing the action or proceeding in whole or in part," Rule 37(b)(1)(A)(v). "A trial court has broad discretion in applying sanctions under [Rule 37]." *W. Reserve Oil & Gas Co v. Key Oil, Inc.*, 626 F. Supp. 948, 949 (S.D. W. Va. 1986) (Haden, C.J.) (citing *Nat'l Hockey League v. Metropolitan Hockey Club,*

*Inc.*, 427 U.S. 639 (1976)). Here, Defendants ask the Court to strike Plaintiffs' pleadings and dismiss the action as to Plaintiffs.

In the motion to withdraw, counsel for Plaintiffs state that Plaintiffs "have failed to consistently communicate with their counsel since [their depositions were scheduled] and have failed to appear for their subsequently scheduled depositions despite being notified that such failure may result in the Court dismissing their claims in this case." (Docket 68 ¶ 6.) Those notifications were made both orally and in writing by certified mail. (*Id.* ¶ 6 n.2.) All return receipts for the certified mailings were signed for except that of Amos Robertson, which was returned as unclaimed. (*Id.*) Based on those representations, it appears that there is no dispute that Plaintiffs failed to appear for their depositions despite being notified of the potential consequences of that failure. In fact, Plaintiffs' failure to appear for their depositions and communicate with their attorney has risen to such a level as to provide good cause for counsel's withdrawal under W. Va. Rules of Prof'l Conduct R. 1.16. Thus, Plaintiffs' failure to appear for their depositions after being given notice of the depositions and possible sanctions for failing to appear provides adequate basis for dismissal of their claims under Fed. R. Civ. P. 37.

For the reasons stated above, Defendants' Motion for Sanctions [Docket 66] is **GRANTED**. The case is **DISMISSED** as to Amos Robertson, Ralph Robertson, Justin Collette, and Sean Runion, and any pleadings filed by those plaintiffs are **DEEMED STRICKEN**. Plaintiffs' Counsel's Motion to Withdraw [Docket 68] is accordingly **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 18, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE